DIXIE BROWN, )
)
    Plaintiff, )
)
v. ) CASE NO. CV417-202
)
PONTUS LLC and IVAYLO )
DIMITRIV, )
)
    Defendants. )
)

# O R D E R

Before the Court is Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Procedure. (Doc. 4.) In her request, Plaintiff asks this Court for an order "prohibiting Defendant Pontus LLC from liquidating assets or transferring funds other than in the ordinary course of business and restricting the use of Defendant Dimitrov's bank accounts that are used for business purposes with Wells Fargo from transferring funds outside the ordinary course of business." (Id.) Plaintiff believes that Defendants Pontus LCC and Dimitrov are intentionally liquidating assets to avoid any future potential damage award. Based on Defendants' actions, Plaintiff requests either a temporary restraining order ("TRO") or a preliminary injunction. While the Court is

sympathetic to Plaintiff's claims, Plaintiff's requests must be **DENIED**.

Under Federal Rule of Civil Procedure 65(b)(1), this Court is permitted to grant a TRO without oral or written notice to the other party if

(a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In this case, Plaintiff has failed to demonstrate that a TRO is warranted. While Plaintiff notes in her request that notice was sent to Defendants, Plaintiff fails to provide any rationale justifying why Defendants should not be permitted to respond in opposition. Additionally, for reasons discussed below, the Court is not persuaded that Plaintiff is entitled to any immediate relief. Accordingly, this Court will not grant Plaintiff's current request for a TRO.

Likewise, Plaintiff's request for a preliminary injunction must also be denied. Courts are permitted to grant a preliminary injunction after considering whether a plaintiff can demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be

suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). However, the Eleventh Circuit has prohibited the use of a preliminary injunction to freeze assets or funds solely to ensure a future potential monetary award. See Rosen v. Cascade Intern., Inc., 21 F.3d 1520, 1529-30 (11th Cir. 1994) ("We repeat: preliminary relief freezing a defendant's assets in order to establish a fund with which to satisfy a potential judgment for money damages is simply not an appropriate exercise of a federal district court's authority."). In this case, Plaintiff's sole reasoning for requesting a preliminary injunction is to prevent Defendants from liquidating their assets to avoid a future award. Accordingly, Plaintiff's request for a preliminary injunction must also be **DENIED**.

Because Plaintiff is not entitled to either a TRO or a preliminary injunction, Plaintiff's motion (Doc. 4) is **DENIED**. After careful consideration, the Court also sees no reason to hold a hearing further addressing this request. Accordingly, Plaintiff's request for a hearing and

3

expedited procedure pursuant to Local Rule 7.7 is also **DENIED**.

SO ORDERED this 30th day of October 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA