# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DIXIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-202 |
| | ) | |
| PONTUS, LLC, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Dixie Brown has moved to lift the stay on this case to allow her to conduct discovery before defendant Ivaylo Dimitrov's likely deportation. Doc. 19. Neither Pontus, LLC nor Dimitrov has responded in opposition. Ordinarily, such silence would indicate sufficient acquiescence to grant the motion. *See* S.D. Ga. L. Civ. R. 7.5 (failure to timely respond to a motion indicates no opposition). However, the question is complicated here by the connection between this case and United Specialty Insurance Company's declaratory judgment action concerning its contractual duties to defendants. *See United Specialty Insurance Co. v. Pontus LLC, et al.*, CV418-022, doc. 1 (S.D. Ga. Jan. 22, 2018).

The stay in this case was imposed on United Specialty's motion in

its declaratory judgment action, to avoid the cost of defense to United Specialty in the event it was found to have no obligation to these defendants. *See* doc. 18. The parties in that case have recently filed a joint status report indicating that they expect to complete discovery in July and for United Specialty to file a summary judgment motion "by the end of this month."[1] CV418-022, doc. 20 (status report filed May 16, 2018).

Brown has supplied the factual and legal foundations that were lacking in her original opposition to the stay in this case. *See* doc. 18 at 2 n. 1 (explaining that Brown's assertion of prejudice resulting from stay was merely hypothetical and not supported by authority). Dimitrov's criminal trial is imminent. Doc. 19 at 1. Brown also represents that Dimitrov will be deported "following the criminal trial." *Id.* Thus, the circumstances have changed. The fact that Dimitrov is a named defendant in this case and is the "owner" of the entity defendant, *see* doc.

---

[1] The Court notes that Brown's motion to lift the stay was filed five days before the joint status report. However, there is no indication that Brown served a copy of her motion on United Specialty or attempted to resolve the issue she raises here while conferring on that report. Since Brown has provided no indication of whether United Specialty is even aware that this motion has been filed, the Court is left to wonder whether it might oppose, even if these defendants do not.

9 at 2, ¶ 3 (admitting "that Defendant Dimitrov is the owner of Defendant Pontus, LLC"), make his likely and impending deportation a clear obstacle to Brown's ability to prosecute this case. Further, assuming that United Specialty has sufficiently investigated its likely obligations that it has concrete plans to move for summary judgment, it seems that it will be in an adequate position to make a business decision concerning its role in this case.

As this Court has explained, "'[w]hen confronted with a motion to stay, the district court must consider its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." *Cason v. Anderson*, 2015 WL 1802248 at \* 1 (S.D. Ga. Apr. 20, 2015) (quoting *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008)). Lifting the stay will require United Specialty "to make a choice inherent to its line of business: either (1) continue to defend its insured under the reservation of rights it purports to have . . . or (2) withdraw and risk that [these defendants'] counsel will not present a vigorous defense on which it can rely . . . ." *Id.* at \* 2. While Dimitrov's deportation was merely hypothetical, the balance of equities warranted a stay. Now that it is undisputedly likely, that balance tips

the other way.

Accordingly, the Court **GRANTS** Brown's motion to lift the stay. Doc. 19. The Clerk is also **DIRECTED** to provide electronic notice of this Order to United Specialty's counsel in the related case (CV418-022). Such notice will allow United Specialty to reevaluate its position in light of the changed circumstances in both cases.

**SO ORDERED,** this 25th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA