# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DIXIE BROWN, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV417-202
 )
PONTUS LLC, and IVAYLO )
DIMITRIV, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the parties' Joint Motion to Seal. (Doc. 32.) In their motion, the parties request that the Court either allow the parties to file a proposed Fair Labor Standards Act ("FLSA") settlement under seal or, alternatively, dismiss this action without prejudice. (Id.; Doc. 33.) For the following reasons, the parties' request to file the FLSA settlement under seal is **DENIED**. However, the parties' request to dismiss this action without prejudice is **GRANTED**.

On December 19, 2018, the parties in this action filed a stipulation of dismissal purporting to dismiss this action with prejudice. (Doc. 30.) On review, the Court found that the stipulated dismissal was improper because the parties were not permitted to settle and dismiss any FLSA action without prior approval of the settlement terms by the Court. (Doc. 31.)

Accordingly, the Court directed the parties to either file the settlement for the Court's consideration or briefing as to why the settlement should not be filed on the record. (Id.) On January 9, 2019, the parties complied with the Court's directive and filed a Joint Motion to Seal (Doc. 32) and briefing in response to this Court's prior order (Doc. 33).

In their motion to seal, the parties assert that they have agreed to provide a copy of the settlement for this Court's review. (Doc. 32.) The parties, however, request that the settlement be permanently sealed from the public's view. (Id. at 2.) The parties argue that the settlement should be sealed due to "the sensitive nature of some of Plaintiff's allegations and claims, i.e. sexual harassment and assault." (Id.)

Although the Court is sympathetic to the sensitive nature of some of Plaintiff's claims, the Court is unable to grant the parties' request at this time. Most district courts in the Eleventh Circuit have found that FLSA settlements should remain public unless the parties can demonstrate an overriding interest justifying confidentiality. See, e.g., Dees v. Hydraday, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010); Brantley v. Ferrell Electric, Inc., 1:14-CV-022, 2016 WL 5938707, at *1-2 (S.D. Ga. May 10, 2016). These courts have generally concluded that

> [s]ealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.

Dees, 706 F. Supp. 2d at 1245. Accordingly, to grant a party's request to seal a document the court must "identify and articulate 'an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order' " was appropriately entered. Id. (quoting Press-Enterprise Co. v. Superior Court of Ca., 464 U.S. 501, 510, 104 S. Ct. 819, 824 (1984)).

In this case, the Court finds that the parties have not sufficiently identified an overriding interest that warrants sealing the settlement agreement. While allegations of sexual harassment may provide a sufficient reason to justify sealing an FLSA agreement in some cases, the Court is unconvinced that the allegations in this case warrant overriding the public interest in the settlement remaining part of the public record. As an initial matter, Plaintiff's original complaint

3

contained allegations of sexual harassment. (Doc. 1.) Accordingly, the allegations of sexual harassment that the parties now claim should remain confidential are already on the public docket in this case. Because these allegations are already part of the public docket, the Court can discern no obvious benefit to sealing the settlement in this case. In this Court's view, sealing the settlement in this case would only serve the purpose of denying the public access to the FLSA settlement terms. The parties have not provided any specific argument as to why the allegations in the settlement agreement should be kept confidential despite the public record that already exists in this case. Instead, the parties have only provided a conclusory assertion that the claims are "sensitive in nature." From the conclusory allegations, the Court is unable to determine whether the allegations in the settlement agreement differ from those in the original complaint, which party has an interest in keeping the settlement confidential, or how keeping the settlement confidential specifically overrides the public interest in the settlement of this case. As a result, the Court will not permit the parties to file the settlement in this case under seal.

As an alternative to their request to file the settlement under seal, the parties have requested that the Court dismiss this case without prejudice. (Doc. 33.) The parties allege that Plaintiff has already been compensated under the settlement agreement and that the "parties' desire is that the matter be resolved once and for all." (Id. at 4.) While the Court would not be able to dismiss this case with prejudice without reviewing the proposed settlement agreement, there is no obligation for the Court to review proposed settlement terms when dismissing an FLSA claim without prejudice. See Perez-Nunez v. N. Broward Hosp. Dist., 609 F. Supp. 2d 1319, 1320-21 (S.D. Fla. 2009) (discussing that there would be no need to review an FLSA settlement if the parties dismissed the action without prejudice because the plaintiff "would not be foreclosing her ability to vindicate any FLSA claim she may have by refiling at a later time"); see also Kerr v. Powerplay Arcade, Inc., No. 6:07-CV-1441-ORL-19KRS, 2007 WL 3307091, at *1 (M.D. Fla. Nov. 6, 2007) ("Because the case is being dismissed without prejudice, there will be no final adjudication on the merits of [the plaintiff's] claim if the case is dismissed."). Because Plaintiff would not be foreclosing her right to raise any claim under the FLSA, the parties' request to dismiss this case without prejudice is granted.

5

For the foregoing reasons, the parties' Motion to Seal (Doc. 32) is **DENIED**. However, the parties' request to dismiss this case without prejudice is **GRANTED**. As a result, this action is **DISMISSED WITHOUT PREJUDICE**. The parties shall bear their own costs and attorneys' fees. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 4th day of April 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA